# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

---

## JAQUETT'S APPEAL.

A man who receives money from a real estate broker and signs a receipt therefor, on account of the sale of real estate, does not thereby make the broker his agent, so that he will be liable to pay commissions.

Appeal from the Common Pleas No. 1 of Phila. County, No. 187, July Term, 1883.

This was an appeal from a decree of the Court, distributing the proceeds of a Sheriff's sale, made under a mortgage. The auditor, appointed to distribute the fund, awarded without dispute, debt, interest and costs to the mortgagees, and ⅔ of the balance of the fund to the owner of ⅔ interest in the land, the other third thereof remained to be awarded to the owner of the disputed third interest in the premises. J. E. Peters claimed under a deed, for one undivided third, dated June 10, 1881, recorded June 25th, 1881, from Jacob M. Peters. Samuel T. Jaquett claimed the same by virtue of a certain agreement, dated April 8th, 1881, in the form of a receipt, signed by the said Jacob M. Peters, the grantor above named; and delivered to Frederick Sylvester, therein styled agent, wherein the said Jacob M. Peters acknowledged the receipt of $500 from the said Frederick Sylvester, therein as agent, deposited to secure the consummation of a sale of the said premises. It

was an undivided third interest therein, and the said Jacob M. Peters agreed therein, and thereby, within 30 days from the date thereof to grant and convey unto the said Frederick Sylvester, agent or his assigns said ⅓ interest for the sum of $5,000, $500 whereof was deposited by the said Frederick Sylvester, agent, to the said Jacob M. Peters. An abstract of title was produced, showing that the said Jacob M. Peters was seized of an undivided interest in the said premises described in this agreement to sell. Subsequently on the 23rd November, 1881, the said Frederick Sylvester assigned and transferred to Samuel T. Jaquett, his heirs and assigns, the said contract of sale and the money therein acknowledged to have been paid, and all of his right, title and interest in and to the said real estate reciting therein, the said agreement of April 8, 1881, and the assignment to Jaquett was recorded on Nov. 26, 1881. The auditor found that J. E. Peters had acknowledged this agreement, but he (Peters) contends that Sylvester and Jaquett had been in default, by reason whereof the said sale had not been consummated. Jaquett contends that he was the principal of the contract, was at all times ready and willing to perform his part of the contract. That the cause of the failure to consummate a contract, rested upon Jacob M. Peters, contending that Mr. Sylvester was the agent of Jacob M. Peters, and not his agent. A deed had been prepared and executed by Jacob M. Peters, for the said ⅓ interest, and was ready for delivery on the 9th May, 1881, at the office of Mr. Sylvester, and Jaquett was ready to pay the balance of the purchase money, $4,500. Frederick Sylvester had prepared a statement of debits and credits between Jacob M. Peters and Samuel T. Jaquett, adjusting the interests, taxes. &c., about which there seems to have been no dispute. Mr. Sylvester offered to pay to Jacob M. Peters the balance due him, less, however, $130, his commission, which he claimed from the grantor, as broker, in negotiating the sale. Jacob M. Peters refused to pay any commission and declined to accept the sum tendered, denying that Mr. Sylvester was his agent in the transaction. Mr. Sylvester insisted that he should accept the balance due, less $130, or nothing. Jacob M. Peters persisted in his refusal and answered, that such

being the case, he would decline to accept such sum, and then and there declared the contract null and void. Mr. Sylvester subsequently renewed his tender, less $130 for commission, which was again refused, as aforesaid. After this Jacob M. Peters tendered to Mr. Sylvester the return of the $500, which was refused. Sylvester, on the evening of the day before the contract of sale was made, went to the residence of Jacob M. Peters in Frankfort, and tried to induce him to agree to the sale in question, but failed. He, however, obtained from Mr. Peters the promise that he would call next morning on Mr. Sylvester. Mr. Peters called in the morning, when and where the agreement, in the shape of a receipt was made and deliv ered, which agreement is as follows:

PHILADELPHIA, April 8, 1881.

Received from Frederick Sylvester, acting herein as agent, $500, deposited to secure the consummation of the sale of premises, &c. * * * Settlement to be made free from any and all deductions, excepting taxes other than for the year '81, and interest prior to the last semi-annual interest period. The purchase money to be paid in cash upon the execution and delivery of a good and sufficient deed of conveyance for said premises, conveying a good and marketable title to the said Frederick Sylvester, agent, or his assigns, within 30 days from the sale, to wit, from this day.

(Signed.) JACOB M. PETERS.

In the assignment from Sylvester to Jaquett, the following recital occurs: "And whereas, I, the said Frederick Sylvester, purchased as agent for the said Samuel T. Jaquett, for the use and behoof of him, said Samuel T. Jaquett, his heirs and assigns, and the sum of of $500, paid as above mentioned, was the proper money of the said Samuel T. Jaquett." Sylvester also testified that he was acting as Jaquett's conveyancer, and that Mr. Jaquett paid him for his services, The auditor held under these facts that Sylvester was not the agent of Peters, and that the proper amount of money was not tendered to him. The auditor further decided that Jaquett had not shown such diligence in asserting his claim as was required, and awarded the fund to J. E. Peters. Jaquett, then filed excep-

tions to the report of the auditor, which were overruled on June 30, 1883, by the Court. Jaquett then took an appeal complaining of the decision against his claim, and in not holding that time was not the essence of the contract, and that the equities of the parties might now be adjusted by enforcing the contract against the vendor, upon payment to him of the purchase money and interest, less the $500 paid on account of the fund in court. In not holding that the agreement passed the title to the premises, with the unpaid balance of purchase money, remaining as a lien thereon. 4th. In not awarding to him $500 paid on account of the purchase money.

*L. F. Benson* and *N. H. Sharpless, Esqs.,* for appellant, argued that the receipt in question was a conveyance of the title; Ogden vs. Brown, 33 Penna. 247; Roberts' Appeal, 92 Penna. 422. Time was not the essence of this contract, and the equities can be adjusted afterwards by the allowance of interest; Remington vs. Irwin, 14 Penna. 148; Decamp vs. Feay, 5 S. & R. 323; Tiernan vs. Rowland, 15 Penna. 429. Jaquett was not guilty of gross laches; Russell vs. Baughman, 94 Penna. 400. If either party is guilty of delay, a distinct written notice that the vendee shall consider the contract rescinded, if not completed within a certain time is necessary; Sugdon on Vendors, 268; McMurray vs. Spicer, L. R. 5 Eq. 527. A contract for the sale of real estate is inextinguishable in Penna.; McLaughlin vs. Shields, 12 Penna. 290: Rogers vs. Williams, 8 Phila. 123; Cadwalader's Appeal, 57 Penna. 158. The purchaser of an estate, who has paid part of the purchase money, has a lien on it to that extent, if the vendee cannot make title; Bispham's Equity, Section 356; Rose vs. Watson, 10 H. L. Cas. 672; Iron Works vs. Wickens, L. R. 4th. Ch. App. 101.

*William S. Price, Esq.,* for appellee, argued that Jaquett would not have been entitled to a decree of specific performance; Weise's Appeal, 72 Penna. 351; Brady's Appeal, 66 Penna. 277; Piersol vs. Neill, 63 Penna. 420; Miller vs. Henlan, 51 Penna. 265; Elbert vs. O'Neil, 13 W. N. C. 383. The property has greatly increased in value between the time of the agreement and the Sheriff's sale, and the auditor reported, that excepting for this circumstance the claim of Mr. Jaquett

would, in all probability, never have been made. It would be inequitable, under the altered circumstances, to allow the appellant to profit by his own wrong; Ashhurst's Appeal, 60 Penna. 290; Graham vs. Burkenhead, R. R. Co. 3, M. & G. 146.

The Supreme Court affirmed the decree of the Common Pleas on 4th Feb., 1884, in the following opinion:

PER CURIAM.

Under the facts found, this case was correctly decided. Not only was the appellant guilty of laches in asserting his claim, but in fact he did not make the payment to entitle him to demand the deed. The claim to withhold a part of the purchase money was not justified by the evidence. The auditor arrived at a correct conclusion, and the Court committed no error in confirming his report and decreeing accordingly.

Decree affirmed and appeal dismissed at the costs of the appellant.